UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>Defendants. | Case No. CV 18-04763-DMG (RAO)<br><br>ORDER DISMISSING CASE |

On April 26, 2018, Plaintiff Shawn Damon Barth ("Plaintiff"), a California prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) On July 9, 2018, the Court denied Plaintiff's request to proceed *in forma pauperis* and dismissed his complaint with leave to amend within 30 days. (Dkt. No. 4.) The Court's order explained that the complaint failed to state a claim under the First Amendment, Eighth Amendment, and the Racketeer Influenced and Corrupt Organizations Act. The order further explained that one defendant was not a "person" for purposes of a § 1983 action, some claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and the defendants could not be sued in their official capacities for monetary relief.

///

On July 25, 2018, the Court received a request for an extension of time. (*See* Dkt. No. 5.) However, this document was sent to the Court via United States Mail in violation of the Court's General Order No. 18-02, which requires inmates at Plaintiff's prison to submit their documents to prison staff for scanning and electronic submission. *See* General Order No. 18-02, *In the Matter of Pilot Project for the Submission of Certain Prisoner Filings through Electronic Mail*. Plaintiff was notified on July 27, 2018, that his document was rejected, and he was provided with instructions for proper submission. (Dkt. No. 5.)

On August 7, 2018, the Court received Plaintiff's First Amended Complaint ("FAC"), which was also mailed to the Court in violation of General Order No. 18-02. (*See* FAC, Dkt. No. 6.) Plaintiff did not include a request to proceed *in forma pauperis*. Plaintiff was notified on August 8, 2018, that his filing was rejected, and he was again instructed to resubmit his filing electronically. (*Id.*)

To date, the Court has not received any further filings from Plaintiff. In the interests of justice, the Court has nevertheless screened the FAC in accordance with 28 U.S.C. §§ 1915(e)(2), 1915A(a)-(b).

Although the FAC omits two defendants in response to the Court's prior screening order, the FAC's allegations are not materially different from those of the original complaint. Indeed, the vast majority of the FAC is a verbatim copy of the original complaint. The FAC thus fails to state a claim for the reasons previously explained with respect to the original complaint, and it must be dismissed.

Because Plaintiff has failed to even attempt to amend his claims in a meaningful way, further leave to amend is not warranted. *See Brown v. Fitzpatrick*, 667 F. App'x 267, 2016 WL 3450394, at *1 (9th Cir. June 23, 2016) (mem.) ("The district court did not abuse its discretion in dismissing [the *pro se* plaintiff's] amended complaint without leave to amend after providing [the plaintiff] with one opportunity to amend."); *Fosselman v. Hidalgo*, 599 F. App'x 310, 310 (9th Cir. 2015) ("The district court did not abuse its discretion in denying [the plaintiff] further

leave to amend after his first amended complaint failed to cure the deficiencies."); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'" (alteration in original) (quoting *In re Read-Rite Corp.*, 335 F.3d 843, 845 (9th Cir. 2003), *abrogated on other grounds as recognized by South Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 783-84 (9th Cir. 2008))).

Accordingly, IT IS ORDERED that this case is DISMISSED without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 10, 2018

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE